[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14140
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cr-00040-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BENTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 1, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

David Benton, proceeding pro se, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3852(c)(1)(A). The district court found that Benton had not exhausted administrative remedies. The court also stated that it had conducted a "complete review of the motion on the merits" and found that there were no extraordinary and compelling circumstances, as required by § 3852(c)(1)(A), that warranted compassionate relief.

On appeal, Benton argues that the district court erred by finding that he had not exhausted administrative remedies. In his "Statement Regarding Oral Argument," Benton also states that one of the issues on appeal is whether the interest of justice requires the appointment of counsel, pursuant to 18 U.S.C. § 3006A(a)–(c). The government responds that the present appeal is moot because the district court already provided Benton the relief that he seeks on appeal by alternatively ruling on the merits.

As an initial matter, we disagree with the government that the instant appeal is moot. Mootness is a question of law that we review de novo. *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1226 (11th Cir. 2015). "An appeal is moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Id.* 1228 (internal quotation marks omitted). Regardless of how Benton frames his argument, the ultimate relief he seeks is compassionate relief. We have the authority to grant that

2

relief on appeal, and there has been no "intervening event"—for example, release from prison—that moots this case.

Next, we turn to Benton's argument that the district court improperly denied his motion for compassionate release. We review a district court's denial of compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). When a district court judgment is based on multiple, independent grounds, we will reverse only if the plaintiff "convince[s] us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020). If "an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (per curiam). While briefs by pro se litigants are construed liberally, issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

Benton has abandoned any challenge to the district court's finding that his claim fails on the merits, as he does not present any arguments concerning whether he demonstrated compelling or exceptional circumstances to warrant his release. Because he does not challenge one of the grounds that the district court relied on to

3

decide his motion, we affirm the district court's denial of Benton's compassionate-release motion on that basis and need not reach the issue of exhaustion.

Finally, we find that Benton has abandoned his argument that the interests of justice requires the appointment of counsel. An appellant abandons an issue where he makes only passing references to it in his brief and does not devote a discrete argument section to the issue. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). Benton only mentions that the appointment of counsel is an issue on appeal in his oral argument statement; he does not discuss it anywhere else in his brief. For the aforementioned reasons, we affirm.

**AFFIRMED.**